[Civ. No. 368.    Second Appellate District—October 4, 1907.]

W. M. ROCKWELL, Respondent, v. J. E. LIGHT, H. H. FORD and W. L. ARMANTAGE, Appellants.

MECHANICS' LIENS—CONTRACT FOR PAINTING COTTAGES—"TRIMMINGS" TO HAVE SECOND COAT—TIME FOR FILING CLAIM OF LIEN.—Under a contract for painting cottages on defendant's land, with a provision that the "trimmings" are to have a second coat, where there is a conflict of evidence as to the meaning of the term "trimmings," but there is evidence sufficient to justify the court in holding that it included the porch floors and steps, and where the lien was filed within ninety days after the last work was done on each of the cottages, it was filed in time.

ID.—TESTIMONY OF SUPERINTENDENT OF WORK—MUTUAL INTERPRETATION OF CONTRACT.—Where the superintendent of the work, representing the owner of the cottages, testified, without contradiction, that he, as such superintendent, would not have accepted the work had only one coat of paint been put on the porches, the parties have thereby mutually interpreted the contract as including two coats of paint on the porches.

ID.—CONSTRUCTION OF CONTRACT—ACTS OF PARTIES.—When the meaning of a contract is considered doubtful, the acts of the parties done under it afford one of the most reliable clews to the intention of the parties.

ID.—SEVERABLE CONTRACT—APPORTIONMENT OF PRICE—VARIANCE.— When the contract called for the painting of four cottages on a

certain lot for $40 each, and for the painting of a fifth house on another lot according to different specifications for an agreed price of $80, the contract was severable, and the existence of the contract for the fifth cottage, not alleged in the complaint, shows no variance.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—REVIEW—OBJECTION TO AMOUNT OF JUDGMENT.—Objections to the amount of the judgment cannot be reviewed upon appeal from an order denying a new trial.

APPEAL from an order of the Superior Court of San Bernardino County denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Henry M. Willis, for Appellants.

Eugene C. Campbell, for Respondent.

SHAW, J.—Action to foreclose a mechanic's lien. Judgment went for plaintiff, and defendants appeal from the judgment and an order denying their motion for a new trial.

The appeal from the judgment was, upon motion of the respondent, disposed of by an order of this court dismissing the same.

Appellants contend the notice of lien was not filed in time. The contract was for the material and labor required in painting four cottages situated on one lot in the city of Redlands, at the agreed price of $40 each, being a total of $160 for the entire work. The specifications for the work called for one coat on the exterior of each of said cottages, "except the trimmings, which were to have two coats of paint." The last work done was on January 27, 1905, when a second coat of paint was placed upon the porch floors and steps of all the cottages. The claim of lien was filed on April 21, 1905, and if the paintings of these floors was within the terms of the contract, the lien was filed within the statutory time; otherwise, it was filed too late. The contention of appellants is that the term "trimmings" as used in the contract, and which under the terms of the contract were to receive two coats of paint, did not include porch floors and steps, and hence the painting of the same was not within the terms of the contract. While there is a conflict of evidence as to the meaning of the term "trimmings" as used

in the contract, it is, nevertheless, sufficient to justify the court in holding that it included such porch floors and steps, and fully supports the finding that the lien was filed within ninety days after the completion of the work upon each of said cottages.

In addition to this, however, is the fact that the superintendent of the work, representing the owner of the cottages, testified, without contradiction, that he, as such superintendent, would not have accepted the work had only one coat of paint been put on the porches. The parties themselves mutually interpreted the contract to include the porch floors, which, under his agreement, the contractor was required to paint with two coats of paint. "When the meaning of the language of a contract is considered doubtful, the acts of the parties done under it afford one of the most reliable clews to the intention of the parties." (*Hill* v. *McKay,* 94 Cal. 5, [29 Pac. 406]; *Mulford* v. *Le Franc,* 26 Cal. 108; *Cravens* v. *Eagle Cotton Mills Co.,* 120 Ind. 6, [16 Am. St. Rep. 298, 21 N. E. 981].)

It is next contended there is a fatal variance between the allegations of the complaint and the evidence offered in support thereof. The contract alleged was to paint, according to specifications, four cottages situated upon a certain lot for $40 each, whereas the proof shows that there was included in the contract an agreement to paint, according to different specifications, a fifth house situated on a different lot for an agreed price of $80. J. E. Light, the appellant, referring to the time of making the contract, testifies: "I wanted those (cottages) figured by the job, and it was not certain at that time whether there would be three or four." And again he says of the contract: "You might state either of the two ways: one contract of five parts or five contracts. It was made with one agreement and one negotiation and one estimate, with different prices for the different houses. That is to say, one house was to be $80 and the others $40 each." He further states: "With reference to the division of the work, that is, four cottages in one lien, and the large house in the other lien, that division was agreed on at the time I made the contract." The contract apportioned a specific price for the material and labor required in painting each of the houses, and, as appellant himself says, it was either five contracts or one contract of five

parts. At all events, it was a divisible contract, and the fact that the proof showed an agreement made at the same time to paint a fifth house for $80 does not constitute a variance between the contract to paint the four cottages at a cost of $40 each and the evidence offered in support thereof. "Where the contract expressly apportions the price to each item to be performed, or where it embraces several undertakings, each supported by a distinct consideration, the contract is severable." (7 Ency. of Law, 2d ed., p. 95; *Norris* v. *Harris,* 15 Cal. 226; *Pierson* v. *Crooks,* 115 N. Y. 554, [12 Am. St. Rep. 831, 22 N. E. 349].)

Objections to the amount of the judgment cannot be reviewed upon an appeal from an order denying a motion for a new trial. (*Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Wheeler* v. *Bolton,* 92 Cal. 159, [28 Pac. 558].)

Our conclusion renders it unnecessary to pass upon respondent's motion to dismiss the appeal.

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.